USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-9-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KOURIOCKEIN VANN,

       Plaintiff,        10 Cv. 6777 (PKC)

  -v.-

                 MEMORANDUM
                 AND ORDER
N.Y.C. D.O.C.A. COMMISSIONER – MARTIN
HORN, G.R.V.C. WARDEN – LAMBRAZZON,
CAPTAIN AT G.R.V.C. – DUNBAR,

       Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

  Plaintiff Kouriockein Vann, proceeding *pro se*, brings this action against defendants the New York City Department of Corrections ("DOCS") Commissioner Martin Horn, DOCS Warden Lambrazzon of the George R. Vierno Center on Riker's Island ("GRVC"), and DOCS Captain Dunbar of GRVC, alleging deliberate indifference to his serious medical needs. Plaintiff claims that he is entitled to relief under 42 U.S.C. § 1983 because defendants violated his constitutional rights between December 2, 2008 and February 26, 2009 by taking away corrective footwear that he wore for medical purposes. (Compl. §§ II.D, III.) Defendants have moved to dismiss the Complaint pursuant to Rule 12(b), Fed. R. Civ. P. I need not reach the merits of plaintiff's claim. Plaintiff has falsely and materially misrepresented his financial assets in applying to this Court to proceed *in forma pauperis* ("IFP") and, for this reason, plaintiff's Complaint is dismissed with prejudice.

DISCUSSION

  A prisoner may apply to the court for authorization to commence an action without prepayment of filing fees upon a showing that he or she is unable to pay the fees.

28 U.S.C. § 1915(a)(2). If IFP status is granted, the prisoner will pay the fees gradually from his or her prison trust account. Id. § 1915(b); see Cuoco v. U.S. Bureau of Prisons, 328 F.Supp.2d 463, 467 (S.D.N.Y. 2004). To obtain IFP status, the prisoner must submit an affidavit that includes a statement of all assets the prisoner possesses. 28 U.S.C. § 1915(a)(2). The prisoner must also submit a certified copy of his or her trust fund account summary (or institutional equivalent) for the six months preceding filing of the complaint from each prison where the prisoner is or was confined. Id.

If at any time the court determines that, in an application for IFP status, the prisoner's "allegation of poverty is untrue," the court "shall dismiss the case." Id. § 1915(e)(2)(A). The purpose of section 1915(e) is to prevent abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." Hobbs v. Cnty. of Westchester, 00 Civ. 8170 (JSM), 2002 WL 868269, *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).

A misrepresentation by a plaintiff as to his or her financial assets is not necessarily fatal to the plaintiff's claims. See Morales v. E.I. Du Pont De Nemours & Co., 02 Civ. 786A (F), 2004 WL 2106590, *2 (W.D.N.Y. Sept. 21, 2004); Hobbs, 2002 WL 868269, at *2. However, dismissal is appropriate where a plaintiff "misrepresents [his or] her financial arrangements in bad faith to obtain IFP status." Cuoco, 328 F.Supp.2d at 468. Bad faith includes "conceal[ing] a source of income in order to gain access to a court without prepayment of fees." See id. A plaintiff's familiarity with the IFP system may be considered in determining whether the plaintiff has acted in bad faith. See id. at 466, 469 (finding that plaintiff who obtained IFP status in fifteen previous civil suits acted in bad faith in concealing income on her

2

IFP form); see also Morales, 2004 WL 2106590, at *2 (finding that plaintiff who was not familiar with the IFP system did not misrepresent his income in bad faith).

The Cuoco case is instructive in determining whether a plaintiff's misrepresentation on an IFP application requires dismissal. In Cuoco, the plaintiff, a prisoner, received two settlements totaling $13,500, which she requested be sent to her mother rather than deposited into her prison account. 328 F.Supp.2d at 465. Despite having extensive litigation experience – she previously sued the Government seventeen times and obtained IFP status in fifteen of those suits – plaintiff did not report the settlements on two IFP applications. Id. at 466. These were not her first misrepresentations; she also misrepresented her financial assets when applying for IFP status in other federal actions. Id. at 469. The Court dismissed plaintiff's complaint with prejudice, finding that plaintiff acted in bad faith by deliberately attempting to conceal her assets in filing for IFP status. Id. at 468-69.

Here, plaintiff's actions represent a deliberate effort to conceal assets in order to obtain IFP status. In his IFP application received August 9, 2010, plaintiff stated that he was receiving $13.00 per month as a salary from the DOC, as well as $50 bimonthly from his mother-in-law. (IFP Application, attached at Decl. of Martin Bowe in Supp. of City Defs.' Mot. to Dismiss ("Bowe Decl.") Ex. A.) He claimed that he had not received money from any other source, did not have any money, and did not pay money to support anyone. (Id.) Plaintiff signed the application directly beneath the following statements: "I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. I declare under penalty of perjury that the foregoing is true and correct." (Id.)

Despite having sworn to the above, plaintiff did not disclose on his IFP application that he received a $30,000 settlement from the City of New York on February 2,

3

2010 – approximately six months before he filed for IFP status. (Execution with Notice to Garnishee, attached at Pl.'s Opp. to Defs.' Mot. to Dismiss ("Pl.'s Opp.").) Furthermore, even though plaintiff stated that he did not pay money to support anyone, $19,886.00 of the settlement amount was garnished for past-due child support payments. (Id.) After the garnishment, the New York City Comptroller sent plaintiff a check for the remaining balance of $10,114.00. (Check, attached at Bowe Decl. Ex. B.)

The check was endorsed on April 30, 2010 and cleared on May 3, 2010 – approximately three months before plaintiff filed for IFP status. (Id.; Comptroller Financial Records, attached at Defs.' Letter dated Aug. 1, 2011 Ex. A.) Plaintiff did not deposit the check into his prison account. (Pl.'s Letter dated July 3, 2011.) Rather, plaintiff had his sister endorse the check in his name and allegedly distribute the money amongst his children, wife, and grandson. (Id.; Pl.'s Opp. at Point V.) Plaintiff did not report the $10,114.00 settlement amount at any time when applying for IFP status in this case.

I conclude that this is not a circumstance in which the plaintiff may claim that he did not have the money when he applied for IFP status because he made a bona fide gift to family members. I reach this conclusion for several reasons: first, the claim of distribution to family members is made by plaintiff, an experienced litigant, in an unsworn memorandum, not in an affidavit or declaration, and there is no evidentiary support for the claim (Pl.'s Opp. at Point V.); second, the assertion is devoid of any detail such as dates and amounts; third, the factual basis for the underlying claim arose nearly a year before his receipt of the $10,114.00, and, hence, he knew that he had a potential federal claim at the time he purported to give away the money; and, fourth, by his own account, he effectuated the transfer in a surreptitious way. Rather than depositing the settlement amount into his prison account, he routed the check to his

4

sister to endorse with his name and then distribute to other family members without keeping any documentation of the transfers. (Id.; Pl.'s Letter dated July 3, 2011.)

Furthermore, plaintiff's deliberate omission of the receipt of the settlement in response to a direct question on the IFP application undermines his claim of a bona fide gift and demonstrates bad faith. The IFP application asks: "Have you *received*, within the past twelve months, any money from any source?" (IFP Application, attached at Bowe Decl. Ex. A (emphasis added).) Plaintiff responded as follows: "My mother in law $50.00 a month or bi-monthly." (Id.) This statement was knowingly and materially false because it omitted the substantial sum on money he had received from the City. Plaintiff had received over $10,000 from the New York City Comptroller. (Check, attached at Bowe Decl. Ex. B.) Instead of disclosing these funds and what became of them after he received them, plaintiff intentionally concealed this money when filing for IFP status.

Plaintiff's litigation experience and familiarity with the IFP system further compound the severity of the misrepresentation. His omission "smacks of bad faith." Cuoco, 328 F.Supp.2d at 468. Plaintiff knew that for an incarcerated person with minimal living expenses beyond child support, truthfully reporting the settlement would likely have lead the Court to deny IFP status.

Plaintiff filed three actions in federal court prior to this one. Complaint, Vann v. N.Y.C. Dep't of Corr. Comm'r, 10 Civ. 4601 (S.D.N.Y. June 14, 2010), ECF No. 2; Complaint, Vann v. Hughes, 08 Civ. 4012 (S.D.N.Y. Apr. 29, 2008), ECF No. 2; Petition for Writ of Habeas Corpus, Vann v. Herbert, 01 Civ. 986 (N.D.N.Y. June 19, 2001), ECF No. 1. He also recently filed a fifth action. Complaint, Vann v. Fischer, 11 Civ. 1958 (S.D.N.Y. March 17, 2011), ECF No. 1. In all five actions, plaintiff applied for IFP status. Declaration in Support of Request to

5

Proceed IFP, Vann. v. Fischer, 11 Civ. 1958 (S.D.N.Y. Mar. 17, 2011), ECF No. 3; IFP Application, attached at Def. Dec. Ex. A; Endorsement on Declaration in Support of Request to Proceed IFP, Vann v. N.Y.C. Dep't of Corr. Comm'r, 10 Civ. 4601 (S.D.N.Y. June 14, 2010), ECF No. 1; Endorsement on Declaration in Support of Request to Proceed IFP, Vann v. Hughes, 08 Civ. 4012 (S.D.N.Y. Apr. 29, 2008), ECF No. 1; IFP Application, Vann v. Herbert, 01 Civ. 986 (N.D.N.Y. June 19, 2001), ECF No. 3.

In addition to these federal court actions, plaintiff has filed numerous state court actions as well. In 2000, plaintiff filed two civil actions in state court – one against the New York State Commissioner for Correctional Services and the other against DOCS employees. Vann v. Goorde, No. 000812/2000 (N.Y. Sup. Ct. Oneida County 2000); Vann v. DOCS Employees at Mid-State Corr. Facility, No. 001171/2000 (N.Y. Sup. Ct. Oneida County 2000). In 2001 and 2003, plaintiff appealed two DOCS determinations that he had violated prison disciplinary rules. Vann v. Goord, 308 A.D.2d 611, 764 N.Y.S.2d 219 (App. Div. 3d Dep't 2003); Vann v. Costello, 285 A.D.2d 924, 727 N.Y.S.2d 918 (App. Div. 3d Dep't 2001). Most recently, in 2010, plaintiff brought a collateral attack on his conviction. Vann v. Heath-Supt., No. 000402/2010 (N.Y. Sup. Ct. Westchester County 2010).

This is also not the first time plaintiff has misrepresented his financial assets in applying to proceed IFP. In plaintiff's third action in federal court, Judge Pauley dismissed the complaint with prejudice after finding that plaintiff made false statements on his IFP application. Order, Vann v. N.Y.C. Dep't of Corr. Comm'r, 10 Civ. 4601 (S.D.N.Y. Apr. 5, 2010), ECF No. 23. In that case, plaintiff stated that his only source of income between January 2009 and January 2010 was $30 from his mother-in-law. Id. However, $2,059.10 had been deposited into

plaintiff's prison account during that time. Id. Judge Pauley found that plaintiff intentionally concealed his available assets to obtain IFP status. Id.

The entirety of the foregoing leads me to conclude that plaintiff falsely and materially misstated his assets on his IFP application and did so in bad faith. His allegation of poverty was untrue at the time he made it. The statute requires dismissal under this circumstance. See 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue . . . .").

CONCLUSION

For the reasons outlined above, defendants' motion to dismiss (Docket # 13) is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment in favor of the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 9, 2011